

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROVIDENT BANK, d/b/a PCFS Financial Services, | ) ) ) |
| Plaintiff, | ) ) ) No. 04 C 4428 |
| v. | ) ) Judge Robert W. Gettleman |
| LAWYERS TITLE INSURANCE CO. | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Provident Bank ("plaintiff") filed its first amended complaint against Lawyers Title ("defendant") alleging breach of fiduciary duty and negligent misrepresentation. Plaintiff alleges that defendant, as its settlement agent, breached its fiduciary duty to act in accordance with the closing instructions, industry standards, and federal law. Plaintiff also alleges that defendant negligently misrepresented compliance with the loan closing instructions. Plaintiff seeks any damages it may sustain under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, which it alleges are a direct result of defendant's breach of fiduciary duty and negligent misrepresentation. Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion is granted.

## FACTUAL SUMMARY

On or about March 15, 2001, Pinnfund, USA, Inc. issued a loan on behalf of Booker and Michael Briggs, for which defendant acted as Pinnfund's settlement agent. After the loan closed,

the mortgage was assigned from Pinnfund to plaintiff. When the loan was assigned to plaintiff, the file indicated that the Briggses had received a completed notice of disclosure.

Subsequently, the Briggses filed suit against plaintiff in this court seeking damages and rescission of the mortgage loan under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et. seq*. The Briggses alleged that they did not receive proper disclosure of the right to rescind as required under TILA because their notice of right to cancel was never completed as required.

On July 2, 2004, plaintiff filed its initial complaint against defendant alleging breach of closing instructions, breach of contract, and indemnification. On December 30, 2004, the court granted defendant's motion to dismiss, holding that the plain language of the closing instructions and the title insurance policy precluded defendant's liability for damages arising from any TILA violation.

Plaintiff has amended its complaint, attempting to plead around the court's December 30, 2004, order by alleging breach of fiduciary duty and negligent misrepresentation. Defendant has again moved dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint should not be dismissed for failure to state a claim unless there is no doubt that the plaintiff cannot prove a set of facts that would entitle him to relief based on his claim.

Presalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530, at *2 (N.D. Ill. Apr. 4, 2003).[1]

This court has already decided that under the unambiguous language of the closing instructions and the mortgage, defendant is not liable to plaintiff for any damages arising from any TILA claims. The rule of the law of the case provides that where an issue has been litigated and decided, a court's unreversed decision on a question of law or fact settles that question for all subsequent stages of the suit. Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995).

In its amended complaint plaintiff attempts to circumvent the contract and the court's previous holding by bringing claims for breach of fiduciary duty and negligent misrepresentation. Although both of these claims arise outside of the four corners of the contract, plaintiff still seeks damages arising from the Briggses' claim for TILA violations. The agreements between the parties, however, expressly precludes any liability arising out of a TILA violation. It matters not whether plaintiff couches its claim in contract or tort. It still seeks to impose liability on defendant for damages arising out of an alleged TILA violation and is, therefore, precluded by the agreement. Therefore, regardless of how plaintiff structures its complaint, it is precluded from seeking reimbursement for Briggses TILA claim.

---

[1] Defendant's motion to dismiss contains a footnote requesting that this court exercise its discretion whether to treat its motion as a motion to dismiss pursuant to Rule 12(b) or a motion for summary judgment pursuant to Rule 56. Although defendant's motion references matters not contained in the amended complaint, this court will address only matters contained in the amended complaint to reach its holding. Therefore, this court will not convert defendant's motion into one for summary judgment.

3

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted.

**ENTER: July 26, 2005**

_____
**Robert W. Gettleman
United States District Judge**